[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiffs purchased a parcel of land in Madison. In CT Page 1814 1978, they built a residence and other buildings on the property and immediately began using it for the storage of the plaintiffs' contractors' equipment. The plaintiffs did not live on the property and have never done so. When the plaintiffs acquired the subject property it was located in a zone designated "Rural RU-1". In the present Regulations, it has been reclassified "RU-2, Single Family Rural Residential".
On June 12, 1993, the zoning enforcement officer of the town of Madison advised Robert Blouin that the storage of contractors' equipment of over 12,000 lbs. of Gross Allowable Vehicle Weight Rating violated Section 5.2a of the Madison Zoning Regulations and the storage of contractors' equipment on the premises constituted a commercial use and therefore was in violation of Section 5.1 of the Zoning Regulations, "because you [Mr. Blouin] do not live on the property".
Thereafter the plaintiffs made application to the defendant Zoning Board of Appeals seeking reversal of the zoning enforcement officer's order. On March 2, 1993, after hearing, the defendant Zoning Board of Appeals denied the plaintiffs' application.
It should be noted that the argument at trial really concerns whether the plaintiffs had a nonconforming use which predated the "1979 regulations". If those regulations had in fact been adopted in 1979 many of the arguments in this present action would be irrelevant and the precise meaning of the 1979 regulations would have little application to the validity of a 1978 use. However, the relevant portion of the "1979 Regulations" actually took effect in 1977 and therefore it was incumbent upon the Blouins to be in conformity with the "1979 Regulations" when they established their use in 1978.
AGGRIEVEMENT
It was uncontested at trial and the evidence supports the conclusion that Mr. and Mrs. Blouin are the owners of the affected property and accordingly are statutorily aggrieved.
DISCUSSION
Numerous issues are raised in the plaintiffs' original brief and the defendant's brief. The plaintiffs' supplemental (reply) brief dated August 23, 1994, however, simplifies the matter before the court to a single issue of nonconforming use. Although there CT Page 1815 was some argument that the Blouins' predecessor in title may have used the property for the storage of construction equipment, the Zoning Board of Appeals concluded that this use had been abandoned prior to the Blouins taking title and both sides concede that the evidence was sufficient to support the ZBA conclusion in this regard.
At the time that the Blouins commenced their use of the property, section 5.1 was entitled "Uses permitted in rural districts". Section 5.1.5 provided:
 "Accessory uses customary with and incidental to a permitted use, including buildings used for permitted business operation. Accessory uses may include the keeping of contractors' equipment and commercial motor vehicles of more than 1-1/2 tons capacity, not exceeding a total of six such vehicles or equivalent pieces of equipment, but not within 100 feet from any street or property line . . ." [Emphasis added]
It appears that the vehicles now complained of and ordered removed by the ZEO, affirmed by the Zoning Board of Appeals, were appropriate under 5.1.5 but for the fact that they were kept within 100 feet of the street or property line. The question therefore became whether the use, which is admittedly prohibited by the current regulations, could have ripened into a nonconforming use when the use was allowed but the location was prohibited by the regulation in effect at the time of commencement.
Each side concedes that it is not possible to obtain nonconforming use protection when the pre-existing use is itself illegal. Each side then turns to Section 8-13a of the Connecticut General Statutes which provides:
 "When a building is so situated on a lot that it violates a zoning regulation of a municipality which perscribes [prescribes] the location of such a building in relation to the boundaries of the lot or when a building is situated on a lot that violates zoning regulation of a municipality which perscribes [prescribes] the minimum area of the lot, and when such building has been so situated for three years without the CT Page 1816 institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries or to the area of such lot, as a case may be."
The "1979" Madison Regulation in Section 19.3 contained an extremely expansive definition of building which defines building as:
 "A man-made object including structures, machinery, equipment, piles, accumulation, swimming pools, tennis courts and decks . . ."
The plaintiff argues that under this expansive definition, construction equipment is a building and therefore could obtain nonconforming status because of the mandate of Section 8-13a. The court agrees with the plaintiff that the Madison definition of "building" is so expansive that it could reasonably include construction equipment. The court is less convinced by the plaintiffs' argument that "building", as used in 8-13a, and "building", as used in the enabling Statute 8-2, must have the same meaning. More importantly, the court is not convinced that "building" as defined in the town regulation must be given the same meaning when implementing Section 8-13a.
The court can find no Appellate or Supreme Court cases, and the parties have cited none, which aid the court in its present analysis.
The court finds two Superior Court decisions which may have a bearing on the matter. In Riccio v. Darbarotta CV89-026 22 88S January 14, 1991, CT. Sup. 730 Judge Nigro held:
 "Because the town's zoning regulations defined building as "any structure other than a fence or boundary wall," because dictionary definitions of "building" and "structure" are broad enough to encompass a swimming pool, and because the pool had been in place for the requisite period under Section 8-13a, the location of the pool gave no justification to the defendant's refusal to perform the contract." CT Page 1817
Somewhat conversely in Mulholland v. Fortunata March 3, 1994, CT. SUP. 3354, Judge Austin held:
 "Section 8-13a clearly and unambiguously applies to buildings. "Building" is not defined under the statute. However, in the absence of ambiguity, statutory language should be given its plain and ordinary meaning [citation omitted]. A "building" is defined as "something that is built, a structure, an edifice" [citations omitted]. Therefore, 8-13a
applies to the residence itself and not the use of it as a two family dwelling. Accordingly, the plaintiffs' motion to strike the defendant's special defense is granted".
The court notes that zoning violations are generally of two distinct types. The first type concerns what is often referred to as bulk requirements. A bulk requirement is violated when the building is too large, or too high, or too close to a sideline, or encroaching on a setback. The second type of zoning violation concerns a use which is not permitted. This violation occurs when a commercial use is being conducted in a residential zone or a manufacturing use is being conducted in a commercial zone.
Section 5.1 of the Madison Regulation is entitled "Uses Permitted in Rural Districts". The problem here complained of is not truly a bulk violation of setback or sideline, but rather the use of rural property for the storage of construction vehicles. Just as the court in Mulholland found that 8-13a might legalize the location of a residence, but could not legalize its use as a two family house, this court concludes that 8-13a cannot legalize the plaintiffs' use of the property for the storage of vehicles. There is no claim here that a single vehicle or several vehicles were placed within the 100 foot setback and left there indefinitely, as might be the case with mobile homes placed on permanent foundations. Rather, there appears to be the coming and going of commercial vehicles over an extended period of time.
Since the plaintiffs' violation is and always has been a use violation and not a bulk violation, the court sustains the action of the Madison Zoning Board of Appeals and the appeal is dismissed.
Kevin E. Booth, Judge CT Page 1818